IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-cr-10063 |
| | ) |
| CHRISTOPHER C. BRACKETT, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MOTION OF THE UNITED STATES FOR A PRELIMINARY
ORDER OF FORFEITURE, WITH SUPPORTING SUGGESTIONS**

The United States of America, by John C. Milhiser, United States Attorney, and John D. Hoelzer, Assistant United States Attorney, respectfully submits its Motion for a Preliminary Order of Forfeiture in the above-entitled case for the reasons set forth in the following supporting suggestions. A proposed order is submitted with this motion.

**SUPPORTING SUGGESTIONS**

1. On February 20, 2019, a federal grand jury sitting in the Central District of Illinois returned a Superseding Indictment against the Defendant, Christopher C. Brackett, charging the Defendant with one count of Conspiracy to Violate the Lacey Act, in violation of Title 18, United States Code, Section 371 and one count of Unlawful Transportation of Wildlife, in violation of Title 16, United States Code, Sections 3372(a)(2)(A), 3372(c), and 3373(d)(1)(B).

2. The Superseding Indictment also sought forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of a conspiracy to violate the Lacey Act, 16 U.S.C. § 3371, *et seq.*, in violation of 18 U.S.C. § 371, of any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses in the

Superseding Indictment; and pursuant to 16 U.S.C. § 3374(a)(1) and 21 U.S.C. § 2461(c), upon conviction of any of the offenses in violation of the Lacey Act, 16 U.S.C. 3371, *et seq.*, of any and all property involved in the charged offenses, including but not limited to, all wildlife taken and currently held by the U.S. Fish and Wildlife Service. The Superseding Indictment also sought a personal money judgment against the Defendant in a sum of money yet to be determined, which would represent the amount of the proceeds obtained as a result of the offenses described in Counts 1 and 2 of the Superseding Indictment and the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

3. The Government was advised by agents of the U.S. Fish and Wildlife Service that the detailed description of the forfeitable property is one (1) shoulder-mount deer head nicknamed the "Unicorn Buck". The Government moves to dismiss its Forfeiture Notice in the Superseding Indictment to the extent that it includes property other than the "Unicorn Buck."

4. On July 16, 2019, the Defendant entered into a written plea agreement with the United States whereby he pleaded guilty to the lesser-included offense of Count 2 (Unlawful Transportation of Wildlife) of the Superseding Indictment and agreed to the Forfeiture Notice as set forth in the Superseding Indictment.

5. Rule 32.2 (b)(1), (b)(2), and (b)(3), Federal Rules of Criminal Procedure, provide that:

> (a) As soon as practical after a verdict or finding of guilty, or after a plea of guilty or *nolo contendere* is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must

determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

(b) If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

(c) The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

6. Based upon the Defendant's admissions at the time of his change of plea hearing and in the written plea agreement, and the evidence presented by the Government, the United States has established the requisite nexus between the item sought to be forfeited and the offense for which the Defendant has pleaded guilty. Accordingly, that property is subject to forfeiture to the United States pursuant to 16 U.S.C. § 3374(a)(1).

7. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this order and the Government's intent to dispose of the property in the manner prescribed by the Attorney General, and notice that any person, other than the Defendant, having or claiming a legal interest in the property must file a petition with the Court and serve a copy on John D. Hoelzer, Assistant United States Attorney, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. Publication may consist of posting notice for a period of thirty days on www.forfeiture.gov, an internet site maintained by the U.S. Department of Justice.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture forfeiting the aforesaid property to the United States and order the United States, or its agents or designees, to maintain custody of the forfeited property and dispose of it in accordance with the law.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

By: s/John D. Hoelzer
John D. Hoelzer, IL Bar No. 6295098
Assistant United States Attorney
318 South Sixth Street
Springfield, IL 62701

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/John D. Hoelzer
John D. Hoelzer, IL Bar No. 6295098
Assistant United States Attorney
United States Attorney's Office
318 South Sixth Street
Springfield, IL 62701
Telephone: 217-492-4450
Email: john.hoelzer@usdoj.gov